UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jonathan Hanon,<br><br>Plaintiff,<br>—against—<br><s>Lego Systems, INC., Merlin Entertainments Group U.S. LLC, Merlin Entertainments Short Breaks LLC, and Merlin Entertainments US Newco LLC</s>LEGOLAND New York LLC.<br>Defendants. | 1:23-cv-08194-JMF<br><br>PLAINTIFF'S SECOND AMENDED COMPLAINT |

Plaintiff, Jonathan Hanon (hereinafter the "Plaintiff"), through his undersigned counsel, hereby files this Complaint and sues Lego Systems, INC., a Delaware corporation registered to do business in the state of New York, and Merlin Entertainments Group U.S. LLC, Merlin Entertainments Short Breaks LLC, and Merlin Entertainments US Newco LLC, each a Delaware limited liability company registered to do business in New York (hereinafter, collectively, the "Defendants"), for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. §12181, et. seq., of the AMERICANS WITH DISABILITIES ACT ("ADA"), and the NEW YORK STATE HUMAN RIGHTS LAW ("NYSHRL") and alleges:

JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter referred to as the "ADA"). This Court is Vested with original jurisdiction under 28 U.S.C. §1331 and §343.

2. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred in New York.

3. The remedies provided by the New York State Human Rights Law are not exclusive and state administrative remedies need not be exhausted in connection with suits brought under the Federal Civil Rights Act.

4. At the time of Plaintiff's Visit to LEGOLAND, NEW YORK, prior to instituting the instant action, Jonathan Hanon (hereinafter referred to as "Plaintiff"), suffered from what constitutes a "qualified disability" under the Americans With Disability Act of 1990, in that he Ehlers-Danlos syndrome, and uses a wheeled walker for mobility. The Plaintiff personally visited Defendants' Property, but was denied full and equal access to, and full and equal enjoyment of, the facilities at Defendants' Property, which is the subject of this lawsuit.

5. The Defendant~~s~~, Lego ~~Systems, INC.~~Land New York, LLC, is a Delaware corporation registered to do business in the state of New York~~, and Merlin Entertainments Group U.S. LLC, Merlin Entertainments Short Breaks LLC, and Merlin Entertainments US Newco LLC, each a Delaware limited liability company registered to do business in New York are conducting business within the State of New York~~.

~~6. Upon information and belief, Lego Systems, INC., the Unites States-based subsidiary of the company that owns the intellectual property related to LEGO® brand toys, entered into an extensive contract with the remaining defendants to build, market, and operate a theme park in the state of New York based on the LEGO® brand toys. Upon information and belief, Lego Systems, INC,. also maintains significant control of the construction of the theme park and therefore, the Subject Facility.~~

~~7. Upon information and belief, Merlin Entertainments Group U.S. LLC, Merlin Entertainments Short Breaks LLC, and Merlin Entertainments US Newco LLC, each a Delaware limited liability company, are United States-based subsidiaries of Motion Jvco Limited, a United Kingdom-based holding company whose subsidiaries manage resorts and theme parks world-wide. Upon information and belief, this group (the "Merlin Defendants") own and operate the theme park and underlying real property where the Subject Facility is located, which is the subject of this action, the facility commonly referred to as Legoland, New York, located at 1 LEGOLAND Way, Goshen New York (hereinafter and heretofore referred to collectively as "Defendants' Property"), which also maintains and controls the Subject Facility.~~

<ins>6. Upon in formation and belief, Legoland New York, LLC, is the owner and operator of the premises where the Subject Facility is located, which is the subject of the present action, and maintains an address for service in the Southern District in Manhattan, at 28 Liberty St., New York, NY, 10005.</ins>

<ins>7. The Subject Facility is located at 1 LEGOLAND Way, Goshen, New York.</ins>

8. All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the premises is located in the State of New York, within the Southern District of New York.

COUNT I — VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

9. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of the Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(a).

10. Congress found, among other things, that:

> (i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;
> (ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;
> (iii) discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;
> (iv) individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,
> (v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs
> the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.
> 42 U.S.C. §12101(a)(l)-(3), (5) and (9).

11. Congress explicitly stated that the purpose of the ADA was to:

> (i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> (ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
>
> (iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities. 42 U.S.C. §12101(b)(l)(2) and (4).

12. Pursuant to 42 U.S.C. §12101(7) and 28 C.F.R. §36.104, the Subject Facility is a place of public accommodation in that it is an establishment which provides goods and services to the public.

13. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the building and/or Subject Facility which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

14. The Plaintiff is informed and believes, and therefore alleges, that the Subject Facility has recently undergone substantial construction, completed in 2021, and begun operations, on a site that did not even exist on January 26, 1990, and has sufficient income to make readily achievable accessibility modifications.

15. Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at Defendants' Property, in derogation of 42 U.S.C. §12101, et. Sec., and as prohibited by 42 U.S.C. §12182, et seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

16. The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at Defendants' Property. Prior to the filing of this lawsuit, Plaintiff personally visited Defendants' Property, with the intention of using Defendants' facilities, but was denied access to essential services at the Subject Property, and therefore suffered an injury in fact. In addition, Plaintiff continues to desire to visit the Subject Property in the future, but continues to be injured in that he is uncertain that such visit will be safe and continues to be discriminated against due to the architectural barriers which remain at Subject Property, all in violation of the ADA, and the New York State Human Rights Law.

17. Pursuant to the mandates of 42 U.S.C. §l2l34(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $110,000 for the first violation and $150,000 for any subsequent violation.

18. The Defendants' Subject Facility is in violation of 42 U.S.C. §12181, et seq., the ADA and 28 C.F.R. §36.302, 11;, and is discriminating against the Plaintiff as a result of inter alia, the following specific violations:

> (i) Failure to provide an accessible entrance, due to multiple steps at said entrance, without an ADA—compliant ramp and/or wheelchair lift, in violation of 28 C.F.R. Part 36, Section 4.14. at the locations marked on Exhibit 1 as numbers 25, 27, 28, 34, 35, 36, and such other locations as further inspection by a qualified architect may discover.
>
> (ii) Failure to provide a safe and accessible means of egress from the Subject Facility, in violation of 28 C.F.R. Part 36, Section 4.3.10. at the locations marked on Exhibit 1 as numbers 25, 27, 28, 34, 35, 36, and such other locations as further inspection by a qualified architect may discover.
>
> (iv) Failure to provide a hand sanitizer dispenser at an accessible height, in compliance with 28 C.F.R. Part 36, Section 4.22.7. at the f locations marked on Exhibit 1 as numbers 25, 27, 28, 34, 35, 36, and such other locations as further inspection by a qualified architect may discover.
>
> (v) Failure to provide adequate directional and accurate informational signage throughout the Subject Facility, as required by 28 C.F.R. Part 36, Section 4.l.3(l6). at the locations marked on Exhibit 1 as numbers 25, 27, 28, 34, 35, 36, and such other locations as further inspection by a qualified architect may discover.
>
> (vi) Failure to provide signage, in the Subject Facility, addressing people with disabilities, telling them that accessible services are provided, as required by 28 C.F.R. Part 36, Section 4.30.~~4. 1~~1-7. at the locations marked on Exhibit 1 as numbers 25, 27, 28, 34, 35, 36, and such other locations as further inspection by a qualified architect may discover.

19. Upon information and belief, there are other current violations of the ADA at Defendants' Property, and only once a full inspection is done can all said violations be identified.

20. Upon information and belief, to date the architectural barriers, the removal of which is readily achievable, and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

21. Pursuant to the ADA, 42 U.S.C. §12101, et seq., and 28 C.F.R. §36.304, the Defendants were required to make the Subject Facility, a place of public accommodation, accessible to persons with disabilities since January 28, 1992. To date, the Defendants have failed to comply with this mandate.

22. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiffs injunctive relief; including an order to alter the Subject Facility to make it independently accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the Subject Facility until the requisite modifications are completed.

COUNT II - VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW

23. The New York State Human Rights Law provides:

It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation... because of the disability of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of ... disability. NYS Exec. Law § 296 (2)(a).

24. Defendants' Property is a place of public accommodation as defined in the New York State Human Rights Law.

25. The Defendants have further violated the New York State Human Rights Law by being in violation of the rights provided under the ADA.

26. Defendants are in violation of the New York State Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Subject Facility.

27. The Plaintiff repeats and re—alleges the allegations of paragraphs 1 through 22 as if set forth in their entirety here.

## COUNT III – COMMON LAW CLAIMS

28. Under New York common law, "[t]o state a claim for negligent infliction of emotional distress a plaintiff must plead facts showing that the defendant's negligence unreasonably threatened plaintiff's physical safety." *Cano v SEIU Local 32BJ*, *34 [SDNY, June 15, 2021, 19-CV-08810 (PAE) (KHP)]

29. Due to the Defendants' unlawful discriminatory conduct, on July 27, 2023, the date on which Plaintiff visited Defendants' premises, Plaintiff found himself trapped in a lightning storm, under a steel rollercoaster, with no signage indicating where Plaintiff could seek shelter.

30. The Defendants' owed a duty of care to the Plaintiff to post proper signage as required by the Americans with Disabilities Act and New York State Human Rights Law.

31. One of Defendants' employees admitted to the Plaintiff, immediately after the incident that signage was poor or non-existent.

32. The National Weather Service (NWS) has implemented a voluntary recognition program to help large outdoor venues, including those on university campuses, better protect staff and patrons from the dangers of lightning.  Eligible sites include outdoor sporting arenas, concert venues, water parks, raceways, and amusement parks.

33. The Defendants' facilities do not follow the best practices offered by the NWS.

34. As a result of this breach of duty of care, Plaintiff found himself in unreasonable danger created by the Defendants' negligence.

35. As a further consequence, Plaintiff experienced fear and distress.

36. The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 27 as if set forth in their entirety here.

## ATTORNEYS' FEES AND COSTS

37. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorneys' fees, costs and expenses paid by the Defendants, pursuant to the ADA.

38. Plaintiff prays for judgment pursuant to N.Y. Exec. Law § 297, including compensatory damages contemplated by § 297(9).

## DAMAGES

39. The Plaintiff demands one thousand five hundred dollars ($1,500.00) in compensatory damages based on Defendants' violation of the New York State Human Rights Law.

40. The Plaintiff demands ten thousand dollars ($10,000.00) for negligent infliction of emotional distress.

## INJUNCTIVE RELIEF

41. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the Subject Facility to make it readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA and the New York State Human Rights Law and closing the Subject Facility until the requisite modifications are completed.

WHEREFORE, the Plaintiff hereby demands judgment against the Defendants and requests the following injunctive and declaratory relief:

A. The Court declare that the Subject Property and Subject Facility owned, operated, leased, controlled and/or administered by the Defendants are violative of the ADA and of the New York State Human Rights Law;

B. The Court enter an Order requiring the Defendants to alter their facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA and by the NYSHRL;

C. The Court enter an Order directing the Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendants to undertake and complete corrective procedures to the Subject Facility;

D. The Court award reasonable attorney's fees, all costs (including, but not limited to court costs and expert fees) and other expenses of suit, to the Plaintiff; and

E. The Court award such other and further relief as it deems necessary, just and proper.

Dated: This 15th day of September, 2023.

Respectfully submitted,

/s/
T. Austin Brown, Esq. (TB6342)
The Austin Brown Law Firm
588 Bergen St.
Brooklyn, NY 11238
austin@austinbrownlaw.com
917-716-6537

To:

Merlin Entertainments Group U.S. Holdings Inc.
Ct Corporation System
111 Eighth Avenue, New York, Ny, United States, 10011

One Legoland Drive, Carlsbad, Ca, United States, 92008

Merlin Entertainments Group U.S. LLC
Ct Corporation System
28 Liberty St., New York, Ny, United States, 10005

Merlin Entertainments Short Breaks LLC
Ct Corporation System
28 Liberty St., New York, Ny, United States, 10005

Merlin Entertainments Us Newco LLC
Ct Corporation System
28 Liberty St., New York, Ny, United States, 10005

Motion JVCO Limited
Link House, 25 West Street, Poole, England, Bh15 1ld

Lego Systems, Inc.
C/O Corporation Service Company
80 State Street, Albany, Ny, United States, 12207