UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JONATHAN HANON,

                      Plaintiff,                    **ANSWER TO**
                                                                **FIRST AMENDED**
                                                               **COMPLAINT**

           -against-                         Case No.: 23-cv-08194

LEGOLAND New York LLC,

                      Defendant.
------------------------------------------------------------X

       Defendant, LEGOLAND New York LLC, by its attorneys, DRAKE LOEB PLLC, answering the First Amended Complaint of the Plaintiff alleges as follows:

       1:      Admits that plaintiff purports to bring this action for declaratory and injunctive relief as alleged in paragraph numbered "1" of the First Amended Complaint, and refers all questions of law to the Court.

       2:      Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraphs of the First Amended Complaint numbered "2", "3", "8", "12", "13" and "28".

       3:      Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph numbered "4" of the First Amended Complaint, and specifically denies that the Plaintiff was denied full and equal access to, and full and equal enjoyment of, the facilities at Defendant's property, which is the subject of this lawsuit.

       4:      Admits that the Defendant, Legoland New York LLC is registered to do business in the state of New York as contained in the paragraph "5" of the First Amended Complaint, but denies that it is a Delaware corporation.

ALR/ev                                    14563-73329                                    1215067

5: Denies any knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs "9", "10", "11", "17", "22", "23", "24", "30" and "41" of the First Amended Complaint, and looks to the statute or statutes referred to and the case law for its interpretation; therefore no response is required.

6: This answering Defendant admits that the Subject Facility opened in 2021, and denies any knowledge or information to form a belief as to the remaining allegations in paragraph "14" of the First Amended Complaint.

7: Denies each and every allegation contained in the paragraphs of the First Amended Complaint numbered "15", "16", "18", "19", "20", "25", "26", "29", "31", "33", "34", "35" and "37".

8: Denies any knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "21" of the First Amended Complaint, and looks to the statute or statutes referred to and the case law and the cases for its interpretation; therefore no response is required. Further, this answering Defendant denies it failed to comply with statutory and regulatory mandates.

9: Repeats and realleges each and every response to the allegations contained in the paragraphs of the complaint numbered "1" through "22", inclusive, as realleged in paragraph "27", with the same force and effect as though more fully set forth at length herein.

10: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegations contained in the paragraphs of the First Amended Complaint numbered "32", "38", "39" and "40".

11: Repeats and realleges each and every response to the allegations contained

in the paragraphs of the complaint numbered "1" through "27", inclusive, as realleged in paragraph "36", with the same force and effect as though more fully set forth at length herein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

12: The damages alleged to have been sustained by Plaintiff were caused in whole or partly by the culpable conduct of the Plaintiff.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

13: The allegations set forth within the First Amended Complaint fail to state a cause of action.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

14: Plaintiff failed to mitigate his damages.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

15: Plaintiff's claims are barred by the doctrine of mootness to the extent that the barriers alleged by Plaintiff, if there were any, have been or will be remediated when this action is finally adjudicated.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

16: Plaintiff's claims are barred to the extent that, with respect to any particular architectural element of the location that departs from accessibility guidelines, the location has provided "equivalent facilitation" in the form of alternative designs and technologies that provide substantially equivalent or greater access to and usability of the facility.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

17: Plaintiff's claims are barred because the claimed violations are de minimis

and non-actionable because they do not materially impair Plaintiff's use of an area for an intended purpose.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

18: Plaintiff's claims for damages alleged in the First Amended Complaint are limited by Defendant's good faith reliance upon reasonable interpretations of New York State law by local building authorities and issuance of appropriate building permits and certificates of occupancy for facility at issue.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

19: Plaintiff's claims are barred to the extent they reply on an alleged barrier where the extent of any alleged variance from the applicable regulations and standards does not exceed the range of allowable construction tolerance at the time of construction.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

20: All applicable laws as to handicap accessibility have been or will be complied with. Defendant has not refused to take steps, nor refused to make modifications that are readily achievable, including as to architectural barriers. To the extent Defendant has or will institute barrier removal plans to eliminate any architectural barriers, there is no basis for injunctive relief nor attorney's fees.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

21: Any requested modifications that have not been accomplished are not technically feasible, not readily achievable, or impose an undue hardship and burden or would result in significant loss, or are not otherwise required.

22: Upon information and belief, the removal, accommodation or alteration of barriers identified by Plaintiff is mitigated by reasonable accommodations that do not

ALR/ev                    14563-73329                    1215067

deny access to goods and services.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

23: Requested modifications would fundamentally alter the nature of the premises and are structurally impractical.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

24: To the extent Plaintiff has failed to fulfill conditions precedent to filing suit, including exhausting administrative remedies, Plaintiff is not entitled to relief.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

25: Plaintiff should be awarded no damages, costs or fees, for failure to make pre-suit demand which may have resolved the matter and served judicial economy.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

26: Defendant should not be obligated to perform remediation to the extent that same is not required and/or is not readily achievable.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

27: Defendant reserves the right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information and investigation into the Plaintiff's claims.

WHEREFORE, the Defendant, LEGOLAND New York LLC demands judgment:

    1. dismissing the First Amended Complaint;

    2. apportioning liability between plaintiff and this answering defendant; and

    3. for costs, interest, disbursements and attorneys' fees incurred in this action.

Dated: New Windsor, New York
       November 16, 2023

                           Yours, etc.,

                           DRAKE LOEB PLLC

                       By: _____
                           ADAM L. RODD, ESQ.
                           *Attorneys for Defendant*
                           555 Hudson Valley Avenue
                           Suite 100
                           New Windsor, New York 12553
                           Tel. No.: 845-561-0550

TO:   T. AUSTIN BROWN, ESQ.
       THE AUSTIN BROWN LAW FIRM
       *Attorneys for Plaintiff*
       588 Bergen Street
       Brooklyn, New York 11238
       Tel. No.: 917-716-6537